IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVAN E. HANN,

      Plaintiff,                  No. 2:11-cv-3368 JFM (PC)

   vs.

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT,
et al.,

      Defendants.

_____/     <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 19, 2011. Plaintiff's complaint was accompanied by a motion for discovery. By order filed March 26, 2012, the court determined that plaintiff's complaint states a cognizable claim for relief against unnamed defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). The court further found that it could not order service until plaintiff can identify defendants, and that plaintiff's motion for discovery was directed at such identification. For that reason, the court served a copy of plaintiff's complaint and motion for discovery on the Sacramento County Counsel and ordered a response to said motion.

/////

1       On May 22, 2012, counsel for the Sacramento County Sheriff's Department filed
2  a motion for extension of time to respond to the motion for discovery.  On July 18, 2012, counsel
3  submitted a letter to the court advising the court that counsel had served a response on plaintiff
4  on the same day.  A copy of the response is appended to the letter.  Good cause appearing, the
5  Clerk of the Court will be directed to file counsel's letter and the appended discovery response.
6  Plaintiff's motion for discovery is now moot and will therefore be denied.

7       On July 30, 2012, plaintiff filed a motion for issuance of a subpoena.  By that
8  motion, which is dated July 22, 2012, it appears that plaintiff seeks issuance of a subpoena to
9  obtain the information served on plaintiff on July 18, 2012.  Accordingly, plaintiff's July 30,
10 2012 motion will be denied.

11      Finally, good cause appearing, plaintiff's original complaint will be dismissed and
12 plaintiff will be granted thirty days in which to file an amended complaint identifying defendants
13 involved in the alleged events that form the basis of the claims raised in this action.

14      If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how
15 the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.
16 See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the amended complaint must allege in
17 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.
18 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
19 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
20 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and
21 conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.
22 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23      In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
25 complaint be complete in itself without reference to any prior pleading.  This is because, as a
26 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the identity and involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 19, 2011 motion for discovery is denied as moot;

2. Plaintiff's July 30, 2012 motion for issuance of a subpoena is denied as moot;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

5. The Clerk of the Court is directed to send plaintiff a copy of the court's form complaint for a prisoner civil rights action under 42 U.S.C. § 1983 and accompanying instructions.

DATED: August 23, 2012.

UNITED STATES MAGISTRATE JUDGE

12
hann3368.14